ORIGINAL

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> GARY P. JOHNSON, <br><br> Defendant. | Case No. <br><br> CV 08 4088 MEJ <br><br> [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT GARY P. JOHNSON |

The Securities and Exchange Commission having filed a Complaint and Defendant Gary P. Johnson ("Johnson" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Johnson and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Johnson and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of

them, are permanently enjoined and restrained from, directly or indirectly, violating, or aiding and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder by:

    1.    employing any device, scheme, or artifice to defraud;

    2.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    3.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

Final Judgment as to Defendant Gary P. Johnson    2    Securities and Exchange Commission
SEC v. Johnson    44 Montgomery Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 705-2500

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Johnson is liable for disgorgement of $1,800,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $720,152, for a total of $2,520,152. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, Johnson may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Gary P. Johnson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Johnson shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Johnson relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Johnson. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Johnson shall pay a civil penalty in the amount of $120,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Commission may enforce the Court's judgment for a civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, Johnson may assert any legally permissible defense. Payments under this paragraph shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary P. Johnson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Johnson shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Gary P. Johnson to Entry of Final Judgment, filed concurrently, is incorporated in the Final Judgment with the same force and effect as if fully set forth herein, and that Johnson shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

PRESENTED BY:

Marc J. Fagel
Michael S. Dicke
Sheila E. O'Callaghan
Kristin A. Snyder

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

APPROVED AS TO FORM:

Mr. Gary Grant
The Grant Law Corporation
1851 East 1st Street, Suite 1220
Santa Ana, California 92705
Telephone: (714) 361-1450
Attorney for Defendant Gary P. Johnson

Dated this ____ day of _____, 2008 _____

United States District Judge