MARC J. FAGEL (Cal. State Bar No. 154425)
MICHAEL S. DICKE (Cal. State Bar No. 158187)
SHEILA E. O'CALLAGHAN (Cal. State Bar No. 131032)
KRISTIN A. SNYDER (Cal. State Bar No. 187175)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E-filing

MEJ

| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
|---|---|
| Plaintiff, | CV 08 4088 |
| vs. | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT MARK J.P. BOUCHER |
| MARK J.P. BOUCHER, | |
| Defendant. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Mark J.P. Boucher ("Boucher" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Boucher and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Boucher and Boucher's agents, servants, employees, attorneys, and all persons in active concert or participation with them

Final Judgment as to Defendant Mark J.P. Boucher 1
SEC v. Boucher

Securities and Exchange Commission
44 Montgomery Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 705-2500

who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

Final Judgment as to Defendant Mark J.P. Boucher     2     Securities and Exchange Commission
SEC v. Boucher     44 Montgomery Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 705-2500

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)  employing any device, scheme, or artifice to defraud any client or prospective client;

  (b)  engaging in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(b) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(b)] by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration

Final Judgment as to Defendant Mark J.P. Boucher   3   Securities and Exchange Commission
SEC v. Boucher               44 Montgomery Street, 26th Floor
                             San Francisco, CA 94104
                             Telephone: (415) 705-2500

received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Boucher shall pay a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9]. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph VI below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Mark J.P. Boucher as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Boucher shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

Boucher shall pay $ 100,000 in two installments according to the following schedule: (1) $25,000 within 10 days of entry of this Final Judgment; and (2) $75,000 by October 1, 2008, or within sixty days of the entry of this Final Judgment, whichever date is sooner, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Boucher fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

Final Judgment as to Defendant Mark J.P. Boucher    4    Securities and Exchange Commission
SEC v. Boucher    44 Montgomery Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 705-2500

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Mark J.P. Boucher to Entry of Final Judgment, filed concurrently, is incorporated in the Final Judgment with the same force and effect as if fully set forth herein, and that Boucher shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this 4th day of September, 2008

_____
United States District Judge

PRESENTED BY:

_____
Marc J. Fagel
Michael S. Dicke
Sheila E. O'Callaghan
Kristin A. Snyder

Attorneys for Plaintiff Securities and Exchange Commission

APPROVED AS TO FORM:

_____
John Cotton
Cotton & Gundzik LLP
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017-5554
Telephone: (213) 312-1336
Attorney for Defendant Mark J.P. Boucher

Final Judgment as to Defendant Mark J.P. Boucher     5     Securities and Exchange Commission
SEC v. Boucher     44 Montgomery Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 705-2500